IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | : : : : |
| Plaintiff, | : : Civil Case No. 1:17-cv-337 |
| v. | : : |
| LEVELS OF LEARNING ACADEMY, LLC and MARTISHA ROSS, | : : : |
| Defendants. | : : |

## **COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, Levels of Learning Academy, a limited liability company, and Martisha Ross, an individual, (hereinafter collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), pursuant to Section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

**I.**

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II.**

(a) Defendant Levels of Learning Academy ("Academy") was an Ohio limited liability company with offices and places of business at 2569 St. Leo Place, Cincinnati,

1

Ohio 45225 and 2959 Colerain Avenue, Cincinnati, Ohio 45225 in Hamilton County, within the jurisdiction of this Court, and is engaged in the daycare business and in the performance of related types of activities.

(b) Defendant Martisha Ross, an individual, resides at 2569 St. Leo Place, Cincinnati, Ohio 45225, within the jurisdiction of this Court. Defendant Ross is a shareholder of Defendant Academy and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the Academy in relation to its employees. Defendant Ross acted directly or indirectly in the interest of the Academy in relation to its employees.

**III.**

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

**IV.**

Defendants are, and at all times hereinafter mentioned were, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the Act in that said enterprise at all times hereinafter mentioned was engaged in the operation of a school for mentally or physically handicapped or gifted children, preschool, elementary or secondary school, or an institution of higher education.

**V.**

(a) Defendants repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act by employing many of their employees engaged in commerce or in the

2

production of goods for commerce or employed in an enterprise engaged in commerce

or in the production of goods for commerce within the meaning of the Act, for wages at

rates less than $7.25 per hour for time worked beginning on April 19, 2014.  Specifically,

Defendants did not give employees their first and last paychecks.

## VI.

(a)  Defendants repeatedly violated the provisions of Sections 7 and 15(a)(2) of

the Act, by employing employees who were engaged in commerce or in the production of

goods for commerce, or who were employed in an enterprise engaged in commerce or in

the production of goods for commerce, within the meaning of the Act as aforesaid, for

workweeks longer than forty hours, without compensating said employees for hours

worked in excess of forty hours per week at rates not less than one and one-half times

the regular rate at which they were employed.  Specifically, Defendants did not pay

employees one and one-half times their regular rate for any hours they worked in excess

of forty in a workweek.

## VII.

Defendants, employers subject to the provisions of the Act, repeatedly violated

the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep,

and preserve adequate and accurate records of their employees and the wages, hours

and other conditions and practices of employment maintained by them as prescribed by

regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R.

§516, in that records fail to show adequately and accurately, among other things, the

number of hours worked each workweek by all employees.

# VIII.

During the period since April 18, 2014, Defendants have repeatedly violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order:

1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
| OF COUNSEL: | _____<br>HEMA STEELE (0081456)<br>Trial Attorney<br>U.S. Department of Labor |
| BENJAMIN T. CHINNI<br>Associate Regional Solicitor | 881 Federal Office Building<br>1240 East Ninth Street<br>Cleveland, Ohio 44199<br>(216) 522-3876; Fax (216) 522-7172<br>*Steele.Hema@dol.gov* |